IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMM CALVIN LILES, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-2524-M |
| | ) | |
| DOUGLAS DRETKE, Director Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court filed on February 10, 2005, this cause has been re-referred to the United States Magistrate Judge in light of the filing of Petitioner's motion to proceed *in forma pauperis* filed on February 3, 2005. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner is presently incarcerated at the Neal Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Although he has not submitted a notice of address change, the court confirmed his current address by calling TDCJ's automated phone line. At the time of filing this action, he was incarcerated at the Hightower Unit of TDCJ-CID, in Dayton, Texas.

    Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

<u>Findings and Conclusions:</u>  On February 16, 2005, the magistrate judge issued a notice of deficiency and order to Petitioner, notifying him that his motion proceed *in forma pauperis*, filed on February 3, 2005, did not include a certified statement of the balance in his inmate trust account for the six-month period preceding the filing of the petition.  The order directed Petitioner to cure the deficiency within thirty days or his petition would be dismissed for failure to prosecute.  As of the date of this recommendation, Petitioner has failed to comply with the order filed on February 16, 2005.  Moreover, as noted above, he has failed to keep the court appraised of his change of address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  <u>Larson v. Scott</u>, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  <u>Boudwin v. Graystone Ins. Co., Ltd.</u>, 756 F.2d 399, 401 (5th Cir. 1985) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample opportunity to submit a certified statement of the balance in his inmate trust account for the six-month period preceding the filing of the petition.  Because he has failed to follow an order of this court, his action should be dismissed without prejudice for want of prosecution pursuant to Rule 41(b).  <u>See</u> <u>Larson</u>, 157 F.3d at 1031-32.[1]

---

[1] This is the second time that Petitioner has failed to comply in a timely manner with an order of this court.  <u>See</u> Findings, Conclusions and Recommendation filed on January 12, 2005, in this case.

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner Simm Calvin Liles, Jr., #779799, Neal Unit, TDCJ, 9055 N.E. 24th Street, Amarillo, Texas, 79107-9696.

Signed this 10th of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.